UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | } | |
| | } | |
| JOHNNY MARTIN JOHNSON and | } | |
| TAMMY SUE JOHNSON, | } | Case No. 03-41916-JJR-13 |
| | } | |
| Debtors. | } | |

| | | |
|---|---|---|
| JOHNNY MARTIN JOHNSON, | } | |
| | } | |
| Plaintiff, | } | |
| v. | } | Adv. P. No. 10-40072-JJR |
| | } | |
| FIRST SOUTHERN FINANCIAL SERVICES, | } | |
| and FIRST SOUTHERN FINANCIAL OF | } | |
| MARSHALL COUNTY, INC., | } | |
| | } | |
| Defendants. | } | |

## MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS

In Court I of his Amended Complaint, the Plaintiff alleged that the defendants had violated the discharge injunction imposed by Section 524(a) of the Bankruptcy Code,[1] and in Count II alleged the defendants had violated the Fair Credit Reporting Act. (15 U.S.C. § 1681, *et seq*, and herein "FCRA"). Defendant, First Southern Financial Services of Marshall County, Inc. ("First Southern") responded by filing a Motion to Dismiss pursuant to Rule 12(b), clauses (1) and (6) of the Federal Rules of Civil Procedure which Bankruptcy Rule 7012 makes applicable to bankruptcy adversary proceedings.

---

[1] Unless otherwise indicated, references to the "Bankruptcy Code" or "Code" are to the Bankruptcy Code, 101 U.S.C. § 101, *et seq*, and references to a "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

Jurisdiction:

The claim in Court I alleging a violation of Section 524(a) is unquestionably a core proceeding pursuant to 28 U.S.C. § 157(b)(2); therefore, the Court has jurisdiction to adjudicate such claim pursuant to 28 U.S.C. §§ 157 and 1334, and has authority to enter a final order with respect thereto. Whether this Court has jurisdiction to adjudicate the claim in Court II alleging a violation of the FCRA is questionable, and is discussed below.

Background and Facts:

The facts are taken from the Amended Complaint, and for the purpose of ruling on the Motion to Dismiss are presumed to be true. In 2003 the Plaintiff and his wife filed a joint petition for relief under chapter 13 of the Bankruptcy Code; and in 2005 they received a discharge pursuant to Section 1328(a) of the Code. In 2009 the Plaintiff obtained a copy of his credit report from Equifax. The report contained negative and incorrect information furnished by First Southern and Ace Loan Company (not a defendant in this adversary proceeding). After receiving his credit report, the Plaintiff "filed a dispute with Equifax." When Equifax responded to the dispute, it included another copy of the Plaintiff's credit report, which reported the Plaintiff's account with First Southern as having "a balance of approximately $1,515.00, and a past due amount of $1,583.00." On September 14, 2009 the Plaintiff obtained yet another Equifax credit report—a third report—which verified that a negative entry had been made by First Southern, and that First Southern had furnished the information to Equifax during July 2009, "almost four years after the debt was discharged."

The Plaintiff claimed the information furnished by First Southern to Equifax, which apparently was the same information disclosed on Plaintiff's credit report, violated the discharge

2

Case 10-40072-JJR   Doc 17   Filed 09/30/10   Entered 09/30/10 16:31:48   Desc Main
Document      Page 2 of 9

injunction imposed by Section 524(a) and was actionable contempt for which the Plaintiff was entitled to recover damages and expenses pursuant to Section 105(a) of the Bankruptcy Code. The Plaintiff also claimed these same facts were a violation of the FCRA, for which the Plaintiff was entitled to recover damages and expenses.

Paragraph 11 of the Motion to Dismiss sets forth the essence of First Southern's objection to Court I of the Amended Complaint; that paragraph states:

> If the Plaintiff cannot travel under § 524, the only safe harbor for his claims must lie in § 105. In order to show liability under § 105, the Plaintiff must show that the alleged violative action was a demonstration of bad faith. Hardy at 1390 citing Glatter v. Mroz (In re Mroz), 65 F. 3d 1567 (11th Cir. 1995).

In support of its Motion, First Southern relied on *Hardy v. United States (In re Hardy)*, 97 F.3d 1384 (11th Cir. 1996).

With regard to Count II, which alledged a violation of the FCRA, First Southern did not spend much time addressing the merits of that claim, but rather argued that this Court does not have jurisdiction to hear the FCRA claim because it arose post-discharge and does not fall within this Court's limited jurisdiction under 28 U.S.C. §§1334(b) and 157(a)—namely, jurisdiction to hear bankruptcy cases filed under the Code, proceedings arising under the Code, or proceedings arising in or related to a bankruptcy case.

## Conclusions of Law:

First Southern's representation of the Eleventh Circuit's ruling in *Hardy, supra*, is at best based on a careless misreading of that decision, or at worst an attempt to mislead the Court; the Court presumes the former. Contrary to what First Southern stated in paragraph 11 of its Motion (quoted above), *Hardy* does not require a finding of bad faith for a defendant to be cited for contempt

3

based on the Court's *statutory* contempt powers under Section 105(a).[2] In *Hardy*, the Eleventh Circuit held that:

> While a defendant may be cited for contempt under the court's inherent powers only upon a showing of "bad faith," . . . IRS [the defendant] may be liable for contempt under § 105 if it *willfully* violated the permanent injunction of § 524. . . . This court has stated that "the focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue." . . . In *Jove*, this court adopted a two-pronged test to determine willfulness in violating the automatic stay provision of § 362. Under this test the court will find the defendant in contempt if it: "(1) knew that the automatic stay was invoked and (2) intended the actions which violated the stay." *Jove*, 92 F3d at 1555. This test is likewise applicable to determining willfulness for violations of the discharge injunction of § 524.

*Hardy*, 97 F.3d at 1390 (quoting *Jove Engineering, Inc. v. IRS*, 92 F.3d 1539 (11th Cir. 1996) (some internal citations omitted).

The Plaintiff alleged in his Amended Complaint "that Defendants are in contempt of the Court for violating 11 U.S.C. § 524" and asked that the Court "[a]ward Plaintiff . . . damages, costs, expenses, and attorney fees pursuant to 11 U.S.C. § 105(a)." Accordingly, the Plaintiff seeks to recover under the Court's statutory, not inherent, contempt powers, and no allegations of bad faith, or the like, are required.

Nonetheless, it was unclear from the Amended Complaint exactly how First Southern reported the debt to Equifax. First Southern apparently interpreted the Amended Complaint as complaining that the debt was reported as "outstanding" rather than as "discharged." (Motion to

---

[2]It is unclear exactly how First Southern interpreted the Eleventh Circuit's decision in *Hardy*. In paragraph 9 of the Motion to Dismiss, First Southern incorrectly referred to a court's *inherent* powers found in § 105, while in paragraph 10 it quoted a portion of the *Hardy* decision which referred to "*statutory* contempt powers under § 105." A closer reading and more careful analysis of that decision would have been appropriate before arguing its relevance to this case.

4

Dismiss ¶ 6). Precisely how the debt was reported—that is, exactly what words were used to describe the status of the debt—was not addressed in the Motion to Dismiss; the Motion essentially challenged Count I because it did not allege bad faith, which as mentioned above, is not a necessary element for recovery under the Court's statutory contempt powers. Thus, the Court finds that the allegations in Count I seeking to hold First Southern in contempt under Section 105(a) for violating the discharge injunction imposed by Section 524(a) are sufficient although they do not allege First Southern acted in bad faith.

Turning to Count II, this Court must determine whether a bankruptcy court, having limited statutory jurisdiction, may adjudicate a FCRA claim that arose after the Plaintiff received a discharge and after his chapter 13 case was closed. The Court is not inclined to delve into a lengthy analysis of bankruptcy jurisdiction, other than to say the obvious: Bankruptcy court jurisdiction must be found within the parameters of §§ 1334(b) and 157(a) of title 28. The former provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." And the latter provides that the district courts may refer such title 11 proceedings "to the bankruptcy judges for the district"— it does not authorize the referral of claims arising under title 15, and therein lies the problem with this Bankruptcy Court exercising jurisdiction of the FCRA claim.

On the surface, it could be argued that the FCRA claim is related to the Plaintiff's chapter 13 case. After all, if the Plaintiff had not filed bankruptcy and received a discharge, there would be no basis for claiming the debt was wrongfully reported as "outstanding" rather than "discharged"—assuming "outstanding" was incorrect and "discharged" would have been the appropriate description. But that is not the Eleventh Circuit's formula for deciding if a claim is

5

related to a bankruptcy case. In *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784 (11th Cir. 1990), the Eleventh Circuit adopted the "conceivable effect" test established by *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984) for determining whether a claim is related to a bankruptcy case and, therefore, within a district court's § 1334(b) jurisdiction and referable to bankruptcy courts pursuant to § 157(a). Under the *Pacor-Miller* test, if a resolution of the claim could not conceivably have an effect on the bankruptcy estate or administration of the bankruptcy case, then there is no subject matter jurisdiction under § 1334(b).

After applying the same test to the Plaintiff's FCRA claim the Court must conclude that regardless of whether or not the Plaintiff prevails, his bankruptcy estate will not be effected—it no longer exists—all assets have been administered. The FCRA claim arose postpetition, it is not an asset of the estate and any recovery will not benefit creditors; thus, the FCRA claim is not sufficiently related to the bankruptcy case to convey jurisdiction pursuant to § 1334(b).

The Plaintiff urges this Court to retain jurisdiction over the FCRA claim by exercising supplemental jurisdiction under 28 U.S.C. § 1367. In support of his argument, the Plaintiff cites *Hospitality Ventures/LaVista v. Heartwood 11, L.L.C. (In re Hospitality Ventures/LaVista),* 358 B.R. 462 (Bankr. N.D. Ga 2007). In *Hospitality Ventures*, the complaint of the chapter 11 debtor asserted a claim that arose under Section 505(a) of the Bankruptcy Code. However, the defendant filed a third-party complaint that asserted a state-law cause of action. Under the Third and Eleventh Circuits' conceivable effect test, the third-party claim was not related to the underlying bankruptcy case. Nonetheless, the bankruptcy court retained jurisdiction of the third party claim pursuant to §

Case 10-40072-JJR    Doc 17    Filed 09/30/10    Entered 09/30/10 16:31:48    Desc Main
Document      Page 6 of 9

1367.³

Section 1367 states that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all *other claims* that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a)(emphasis added). Unlike the third-party claim in *Hospitality Ventures* that was based on a state-law theory of recovery over which a district court had no independent subject matter jurisdiction, the Plaintiff's FCRA claim falls squarely within a district court's federal question jurisdiction under 28 U.S.C. § 1331—FCRA is a federal statue. Thus, district court jurisdiction over the FCRA claim cannot be based on § 1367 supplemental jurisdiction. Under the plain meaning of § 1367 "other claims" are distinguished from claims over which the district court has original jurisdiction; therefore, by definition "other cases" cannot themselves be claims over which the district court has *original* jurisdiction under § 1331 or otherwise. Only claims—which virtually always will be based on state law—over which a district court does not have original subject matter jurisdiction may qualify as "other claims" over which supplemental jurisdiction may be exercised. FCRA claims, arising under a federal statute, simply do not qualify for supplemental jurisdiction under § 1367. But even if they did, there is one more problem.

A serious argument can be made that a state-law claim which falls within the district court's

---

³The bankruptcy court's decision finding it had supplemental jurisdiction over the third-party claim was appealed to the district court and then the Eleventh Circuit, both of which affirmed in unreported opinions. *See Hospitality Ventures/LaVista v. Heartwood II, LLC (In re Hospitality Ventures/LaVista),* 265 Fed. Appx. 779 (11th Cir. 2008). There is a split among courts regarding whether supplemental jurisdiction under § 1367 applies to bankruptcy courts. This split of authority is discussed in *Scully v. Danzig (In re Valley Food Services, LLC)*, 400 B.R. 724 (Bankr. W.D. Mo. 2008). The *Valley Food* court determined that the cases holding bankruptcy courts do not have supplemental jurisdiction are better reasoned. *Id.* at 728.

supplemental jurisdiction under § 1367 should tag-along when a title 11 proceeding is referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a). The bankruptcy court in *Hospitality Ventures* accepted such an argument when it retained supplemental jurisdiction over a third-party claim. Recall, however, that FCRA claims are not dependent on § 1367 for district court jurisdiction; they are federal-question claims over which district courts have original jurisdiction under § 1331. Section 157(a) of title 11 authorizes the district courts to refer to the bankruptcy courts "all proceedings arising under title 11 or arising in or related to a case under title 11." Even if this Court were to follow *Hospitality Ventures*, it still would not interpret § 157(a) as authorizing the referral to a bankruptcy court of a non-title 11 proceeding over which a district court has original, as opposed to supplemental jurisdiction.

The Plaintiff's two claims—one based on Section 524(a) and the other on FCRA—both arise out of the same facts, and judicial economy would be served if one court adjudicated both claims. The district court has original jurisdiction to hear both claims, and could do so if the reference were withdrawn. In fact the statutory grounds for withdrawal of the reference under 28 U.S.C. § 157(d) provide further support for this Court's ruling that § 1367 cannot be used by a bankruptcy court to assert jurisdiction over a claim arising under a non-title 11 federal statute. A district court is required under § 157(d) to grant a motion to withdraw the reference "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." FCRA is a federal law affecting interstate commerce.[4] Thus, regardless of whether one agrees with this Court's conclusion

---

[4] The Congressional findings recited in 15 U.S.C. § 1681(b) state that: "It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . ."

8

that supplemental jurisdiction under § 1367 does not apply to a claim over which a district court has original subject matter jurisdiction, there can be no argument about § 157(d) providing a party who opposes a bankruptcy court's exercise of such questionable jurisdiction with an absolute right to have the reference withdrawn by the district court. If this Court were inclined to adopt a liberal and amalgamated interpretation of supplemental and bankruptcy court jurisdictions under §§ 1334(b), 1367(a) and § 157(a), which it is not, Section 157(d) prescribes the procedure by which any of the parties may insure that both claims are adjudicated in district court—a court which without question has jurisdiction over both claims. Hence, this Court will delay dismissing the FCRA claim for 14 days, during which the Plaintiff or First Southern may filed a motion with the District Court to withdraw the reference pursuant to 28 U.S.C. § 157(d). If no such motion is timely filed, the FCRA claim will be dismissed.

Accordingly, the reasons stated above, it is hereby ORDERED that First Southern's Motion to Dismiss is DENIED as to Court I of the Amended Complaint, and is GRANTED as to Court II of the Amended Complaint; provided that dismissal of Count II is suspended for 14 days to allow any party to file a motion with the District Court pursuant to 28 U.S.C. § 157(d) seeking withdrawal from this Court of the reference of this adversary proceeding. It is further ORDERED that if such a motion is timely filed, then dismissal of Count II will be delayed pending a ruling by the District Court on such motion; provided that if no such motion is timely filed, Count II shall be deemed dismissed without prejudice upon the lapse of 14 days.

Dated: September 30, 2010

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge